# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00880 HEA |
| ST. LOUIS COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on self-represented plaintiff Karen Jones' motion for recusal of the undersigned. [ECF No. 4]. After reviewing the motion and the record before the Court, the Court will deny the motion.

### Background

Plaintiff Karen Jones is a self-represented civil litigant who brings this civil action pursuant to 42 U.S.C. § 1983 against St. Louis County and Judge Amanda McNulley. She seeks review of Judge McNulley's decision to deny her intervenor rights in her daughter's divorce proceedings wherein plaintiff was seeking grandparent's rights. *See Mierisch v. Mierisch*, No. 18SL-DR03252-01 (21st Jud. Cir., St. Louis County Court).

### Discussion

Plaintiff argues that the undersigned should recuse from this action because "in the past [the undersigned] has [had] a case [] regarding family matter." Plaintiff asserts that the undersigned was biased because the undersigned "did not even investigate or question the facts" and "did not get DOJ or AG involved." Plaintiff also asserts that the undersigned showed bias on her son-in-law's case.

The recusal of a judge is required if the judge bears a bias or prejudice that might call into question his or her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). *See also* 28 U.S.C. § 455. In other words, the disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). However, a judge is presumed to be impartial, meaning that the party that seeks recusal bears a substantial burden of proving otherwise. *Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007). Moreover, "an unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal." *Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002). *See also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal").

Here, plaintiff does not seek recusal of the undersigned due to any *known bias or prejudice*. Rather, the only purported prejudices identified by plaintiff are a lack of investigation into facts. Unfortunately, this Court is not an investigative body. The Court can only examine the facts in the pleadings submitted by the parties and apply those facts to the law. The Court cannot investigate facts outside of the pleadings submitted to the Court.

The motion for recusal asserts no facts demonstrating the undersigned's bias or partiality, or any other disqualifying circumstance. "An adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 665 (8th Cir. 2003) (citations omitted). Finding no reason for the undersigned's recusal in this matter, plaintiff's request will be denied.

Accordingly,

2

**IT IS HEREBY ORDERED** that plaintiff's motion for recusal of the undersigned [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 2nd day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE