# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:24-CV-00880 HEA |
| ST. LOUIS COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Karen Jones' motion to proceed in forma pauperis. [ECF No. 3]. Having reviewed the motion and the financial information provided in support, the Court will grant the motion. Furthermore, the Court will dismiss this action for the reasons set forth below. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff Karen Jones is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 against St. Louis County and Judge Amanda McNulley. She seeks review of Judge McNulley's decision to deny her intervenor rights in her daughter's divorce proceedings wherein plaintiff was seeking grandparent's rights for her granddaughter. *See Mierisch v. Mierisch*, No. 18SL-DR03252-01 (21st Jud. Cir., St. Louis County Court).

A review of Missouri Case.net indicates that plaintiff first sought to intervene for grandparent's rights in her daughter's ongoing divorce case in October of 2021. Plaintiff's daughter, however, filed an ex parte order of protection against plaintiff, on behalf of her minor child, for stalking, on November 9, 2021. The order of protection was lifted on December 20, 2021. A permanent order of protection was entered against plaintiff for harassment of her daughter

2

on December 1, 2022. *See, e.g., Mierisch v. Jones*, 22SL-PN04432 (21st Jud. Cir., St. Louis County Court). Plaintiff attempted to litigate the matter in this Court pursuant to § 1983 in *Jones v. St. Louis County, et al.,* No. 4:23-CV-00594 JAR (E.D.Mo). However, the matter was dismissed for lack of jurisdiction on July 11, 2023. *Id.*

Ultimately, Judge McNulley denied plaintiff's motion to intervene in *Mierisch v. Mierisch*, No. 18SL-DR03252-01, to assert grandparent's rights on May 3, 2023. Plaintiff filed a motion to set aside the denial, which was denied on August 24, 2023, by Judge McNulley. *Id.*

In the instant case, plaintiff asserts that Judge McNulley's decision to deny her motion to intervene in her daughter's divorce case on May 3, 2023, was done without due process. Plaintiff asserts that she had no notice of the hearing on that date, and she alleges that she should have been given notice to argue her motion to intervene. Plaintiff also claims that although she filed a motion to set aside the ruling, Judge McNulley denied her due process when she denied the motion to set aside.

For relief in this action plaintiff seeks to modify the judgment entered in *Mierisch v. Mierisch*, No. 18SL-DR03252-01. She would like to intervene in that action to assert her grandparent's rights over her grandchild.

**Discussion**

The crux of this case relates to child custody matters, and this Court lacks jurisdiction over child custody matters under the domestic relations exception to federal court jurisdiction. This exception, first recognized by the United States Supreme Court in *Barber v. Barber*, 62 U.S. 582, 603 (1858), "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted). As the Supreme Court later explained in *Ex parte Burrus*, "[t]he whole subject

3

of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." 136 U.S. 586, 593-94 (1890). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Kahn*, 21 F.3d at 861.

While plaintiff's complaint is difficult to understand, the central issue appears to be the custody and visitation of plaintiff's granddaughter. Plaintiff asserts that her grandparent's rights have been violated and that she has been denied the right to intervene in her daughter's divorce case to assert those rights. She asks this Court to interfere in a family court issue and order a Missouri family court judge to allow her to intervene. These are matters of state law. *See Ex parte Burrus*, 136 U.S. at 593-94. Thus, the Court will abstain from exercising jurisdiction over this matter. *See Overman v. U.S.*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension.").

Setting aside the domestic relations exception to federal jurisdiction, any review of the underlying state court decision would also likely violate the *Rooker-Feldman* doctrine. The doctrine provides that, apart from habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023). Here, plaintiff explicitly challenges a state court judgment. The Court lacks subject matter jurisdiction over such a challenge. *Id.*

Even if the Court had jurisdiction, plaintiff's claims would still be subject to dismissal. Plaintiff's claim against Judge McNulley is entitled to judicial immunity. Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they

4

are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.,* 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from 42 U.S.C. § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.,* 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.,* 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty,* 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.,* 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles,* 502 U.S. at 13.

5

In this case, there is no indication that Judge McNulley took a non-judicial action or acted in the complete absence of jurisdiction. To the contrary, the facts indicate that Judge McNulley was acting within her judicial capacity, and that her actions – such as the rulings that plaintiff believes erroneous – were of the type normally performed by judges. Judicial immunity bars plaintiff's suit in such an instance, even if Judge McNulley's rulings were wrong. Therefore, even if the Court were to construe the complaint as containing claims against Judge McNulley, the claims would be subject to dismissal.

Last, plaintiff has not alleged an unconstitutional policy, custom or failure to train or supervise against St. Louis County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018); *Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, plaintiff has not alleged a claim that can go forward against defendant St. Louis County, and all claims against the County are subject to dismissal.

## Conclusion

For the reasons discussed above, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

6

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

Dated this 2nd day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE